UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12455-RGS

ENOCH OPPONG

v.

THOMAS M. HODGSON

MEMORANDUM AND ORDER

March 3, 2017

For the reasons stated below, the habeas petition is dismissed without prejudice to petitioner filing a renewed petition for a writ of habeas corpus if he is not removed by May 2, 2017.

BACKGROUND

Petitioner Enoch Oppong, an alien now confined to the Bristol County House of Correction, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, directing respondent to release him from custody. Oppong is a citizen of Ghana. In 2010, he was arrested at his apartment in Worcester on an accusation of rape. Because he was found to have entered the United States under a false name, he was deported from the United States to Ghana on December 7, 2010. On July 25, 2012, a grand jury returned an indictment charging Oppong with two counts of rape and one count of indecent assault

and battery over a person fourteen years old or over. In 2014, while legally residing in Germany with his daughter and her mother (both German citizens), he was extradited from Germany to the United States to face criminal charges. Oppong complains that he never appeared in a German court, having been extradited to the United States on February 27, 2014, before a scheduled court appearance in a German court in March 2014. After the conclusion of his criminal proceedings, where he was found not guilty of any crimes, Oppong was transferred to immigration custody on November 2, 2016.

In the instant petition, Oppong seeks to challenge his extradition, detention, and loss of legal status in Germany. Oppong describes his extradition from Germany to the United States as "kidnapping" and contends that his presence in the United States is illegal. He complains that he was arrested in Germany under false pretenses and brought into the United States without extradition papers, identification documents, travel documents or passport. He complains that before his extradition, his legal residency in Germany was due for renewal on June 26, 2014. But for his extradition to the United States, Oppong contends that his legal residency in Germany would have been renewed on June 26, 2014. Finally, in an affidavit

in support of his petition, Oppong states that he never sought asylum and that it was a misunderstanding between him and a border patrol officer.

The government opposes and answers the petition. Oppong filed an opposition to the government's response and also filed two letters stating that he never asked to be paroled into the United States and complaining that he has been incarcerated since 2014 when he was brought to the United States for prosecution. With Oppong's most recent letter, he attached a copy of a government "Decision to Continue Detention" dated January 19, 2017, stating that if Oppong has not been released or removed from the United States by May 1, 2017, jurisdiction of the custody decision in his case with be transferred to the Headquarters Removal and International Operations Unit (HQRIO) in Washington D.C. for a final custody determination.

STATUTORY BASIS FOR PETITIONER'S DETENTION

The government states that Oppong was temporarily paroled into the United States to face criminal charges pursuant to 8 U.S.C. § 1182(d)(5)(A) (significant public benefit parole). Once his criminal trial concluded and the purpose of parole served, Oppong, pursuant to 8 U.S.C. § 1182(d)(5)(A), was treated in the same manner as that of any other applicant for admission to the United States. Although Oppong was paroled into the United States for the purpose of prosecution, he is treated as an arriving alien. This is the

"entry fiction" under which many non-citizens may be treated as seeking admission. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1082 (9th Cir. 2015), *cert. granted sub nom. Jennings v. Rodriguez*, 136 S. Ct. 2489, 195 L. Ed. 2d 821 (2016).

Because Oppong had indicated concern to a Customs and Border Protection Enforcement Officer about being returned to his home country, Oppong's case was referred for a credible fear interview pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii). On December 14, 2016, an immigration judge affirmed the negative credible fear finding of the asylum officer and returned the matter to DHS for removal of Oppong to Ghana.

The government argues that Oppong was lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), requiring the detention of certain inadmissible arriving aliens who have expressed a credible fear of persecution upon return to their home country. The government states that it is promptly seeking Oppong's removal to Ghana.

DISCUSSION

Persons "in custody in violation of the Constitution or laws or treaties of the United States" may challenge their detention by seeking a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). The Fifth Amendment protects all persons who have entered the United States "from deprivation of life, liberty,

or property without due process of law." *Mathews v. Diaz*, 426 U.S. 67, 77 (1976) (internal citations omitted).  The Due Process Clause applies to all 'persons' within the United States, including aliens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (internal citations omitted).

Here, Oppong was paroled into the United States and is detained under 8 U.S.C. § 1225(b).  The government argues, in footnote 2, that the prolonged detention cases of *Zadvydas* and *Reid v. Donelan*, 819 F.3d 486 (2016), do not apply to Oppong.  The government notes that Oppong has been detained for less than six months.

In order for Oppong's detention to be reasonable, like mandatory detention under § 1226(c) for the *Reid* class, it cannot be indeterminate. Although the First Circuit has yet to decide this issue, several courts reviewing the detention of aliens under Section 1225(b) have found that they are entitled to the same due process right afforded to many other classes of detained aliens.  *See Ahad v. Lowe*, C.A. No. 16-1864, 2017 WL 66829, at *2 (M.D. Pa. Jan. 6, 2017) (collecting cases).  Without deciding the exact nature of the protections afforded Oppong under the United States Constitution, the petition will be denied without prejudice to Oppong filing a new habeas petition if he has not been removed after six months in immigration custody.

To the extent Oppong seeks to challenge the December 14, 2016 decision of the immigration judge, the Real ID Act of 2005 limits the ability of district courts to review removal orders in immigration cases. *See* Pub.L. No. 109–13, 119 Stat. 231 (Real ID Act 2005); *see also* 8 U.S.C. § 1252(a)(5). The language of section 1252(a)(5), together with the language of sections 1252(a)(4) and 1252(b)(9), "in effect, strips the district court of habeas jurisdiction over final orders of removal." *Ishak v. Gonzales*, 422 F.3d 22, 29 (1st Cir. 2005). Thus, this district court is unable to review the immigration judge's decision.

Finally, to the extent Oppong complains about his unsuccessful challenge to his extradition from Germany and his loss of legal residency there,[1] those claims are barred by the rule of non-inquiry. "Questions regarding procedures in foreign justice systems are addressed by the executive branch, not the courts." *Hilton v. Kerry*, C.A. No. 13-11710-TSH, 2013 WL 5755485 (D. Mass. Oct. 22, 2010) (internal citation omitted); *see United States v. Lui King-Hong*, 110 F. 3d 103, 110 (1st Cir. 1997) ("the rule of non-inquiry tightly limits the appropriate scope of judicial analysis in the extradition process.").

---

[1] Oppong challenged his extradition from Germany in an earlier habeas petition, however, the petition was dismissed on other grounds without reaching the merits. *See Oppong v. Evangelidis*, C.A. No. 15-10282-TSH.

ORDER

For the foregoing reasons, the habeas petition is <u>DISMISSED</u> without prejudice to petitioner filing a renewed petition for a writ of habeas corpus if he is not removed by May 2, 2017.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE